JAMES VAN ALLEN DAVIS, Respondent, *v.* AROVESTUS P. CRANDALL, Appellant.

The will of E., after a bequest to C. of a bond and mortgage executed by James Davis, contained a bequest to J. as follows: "the sum of $243.92, a portion of the debt due me from the said James Davis, secured by his notes;" then followed a similar gift to the plaintiff; the legatees were infant sons of Davis. At the time of the making of the will and at the time of his death, the testator held a note against said Davis for the amount of the two sums thus bequeathed. *Held,* that the gift to plaintiff was a specific legacy of one-half the note.

Defendant was executor of the will. At the time of the death of the testatrix, plaintiff was about five years old. About four years thereafter he surrendered the note to Davis, taking in lieu thereof two notes, one payable on demand to each of the legatees for his one-half. After settlement of his accounts as executor, defendant tendered plaintiff's note to the mother of the legatees, but she refused to receive it, and requested him to keep it until plaintiff should come of age. He accordingly retained it. Davis was perfectly responsible up to two or three years before plaintiff became of age, when he became insolvent and unable to pay the note. In an action brought by plaintiff after he became of age to recover the amount of the note and interest, *held,* that he was entitled to recover; that as the gift was a specific legacy, and not needed for any purposes of administration, defendant, after the expiration of one year from the granting of letters testamentary, should have delivered the original note to the legatee; that if he could not deliver it to them jointly it was proper to take two notes as he did; that as the plaintiff was a minor and so a delivery could not be made to him, and as a delivery to his mother would not discharge defendant, if he desired to relieve himself from responsibility he should have procured the appointment of a guardian (2 R. S. 151, § 5, as amended by § 44, chap. 460, Laws of 1837), to whom he could have

delivered the note.  Also *held* that, assuming defendant was under no obligation to have a guardian appointed, and after the accounting owed no duty as executor in reference to the note, by retaining possession and control of it he became trustee thereof for plaintiff and should have used efforts to secure or collect it.

No citation for defendant's accounting as executor was served upon plaintiff, who was then about nine years old; it was served upon his mother, who was also a legatee.  Upon the return day of the citation an attorney was appointed special guardian for plaintiff.  No mention was made in the account of the surrender of the original note, or of the taking of the two in place thereof, nor was any mention of the latter made in the accounting, or the decree.  *Held,* that said decree was not final or conclusive as against plaintiff.  *First,* Because the surrogate had no jurisdiction to appoint such special guardian, and the decree was not binding upon plaintiff, he not having been served with a citation as required by the statute.  (2 R.S. 93, § 61.)  *Second,* Because there was no adjudication upon the accounting in respect to the note.

(Argued December 22, 1885; decided January 19, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made the second Tuesday of June, 1883, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*John S. Morgan* for appellant.  The plaintiff, claiming under the will, must take it as he finds it.  He cannot in the same breath affirm it and deny it.  (*Decker* v. *Waterman*, 67 Barb. 460, 465.)  Whether the gift or bequest in question should be deemed a specific legacy depends upon the intention of the testator.  (1 Roper on Legacies, 192.)  The test is, would it be liable to ademption.  (2 Redf. on Wills, 462.)  The intent of the testator is apparent from the fact that all the rest of her property was specifically disposed of.  (*Chaworth* v. *Beach*, 4 Ves. 555; *Onondaga Trust, etc., Co.* v. *Price*, 87 N. Y. 542.)  As property specifically bequeathed the executor had no authority to collect or to do any thing with it, except to preserve and pass it to the legatee.  (McClellan on Executors,

90 ; *Spear, Ex'r,* v. *Tinkham,* 2 Barb. Ch. 212 ; 1 Roper on Legacies, 192 ; 2 Redf. on Wills, 458 ; 2 R. S. 87, §§ 25, 26 ; *Doe* v. *Guy,* 3 East, 123 ; *Onondaga Trust, etc., Co.* v. *Price,* 87 N. Y. 548 ; *Hudson* v. *Reeve,* 1 Barb. 89, 93.) In preserving this legacy, tendering it to plaintiff's mother during his minority, and to him, on his attaining his majority, this executor did all he could or was bound to do in the premises. (*Larkin* v. *Salmon,* 3 Dem. 270, 272 ; *Platt* v. *Moore,* 1 id. 191.) The note did not outlaw while in defendant's hands before plaintiff became of age. (Code of Pro., § 101 ; Code of Civil Pro., § 396.) The only negligence in the case is that of the plaintiff and his parents. (2 R. S. 151, §§ 4, 5, 6 · Laws of 1871, chap. 708.)

*Stephen K. Williams* for respondent. The legacy to the plaintiff is a pecuniary legacy, a demonstrative legacy, and not a specific legacy. (Willard's Eq. Jur. 502, 504, 506, 507 ; *Doughty* v. *Stillwell,* 1 Bradf. 300, 303–309 ; *DeNottebeck* v. *Astor,* 3 Kern. 98, 105, 106 ; *Gidding* v. *Seward,* 16 N. Y. 365 ; *Bumpus* v. *Bumpus,* 29 L. T. [N. S.] 800.) It was the duty of the executor to collect the Davis note and pay this legacy. (*Newton* v. *Stanley,* 28 N. Y. 61, 62, 66.) The defendant should have procured the appointment of a guardian, to whom the legacy could have been paid, under the direction of the surrogate. (2 R. S. 91, §§ 47, 48, 49.) The legacy, whether general or specific, belonged to the executor. It was not the property of the plaintiff, except with the assent of the executor. (Redfield's Law of Surrogate Courts, 318 ; 2 Perry on Trusts, § 809 ; Willard's Eq. Jur. 498, 500, 501 ; 2 Madd. Ch. 1, 2 ; 2 Wms. on Exrs. 1235, 1237, 1239, 1748, 1207 ; Dayton on Surr. [2d ed.] 411, 412 ; 2 R. S. 87, § 26.) An executor is always a trustee and assumes the duties of a trustee. (2 Madd. Ch. 1 ; Willard's Eq. Jur. 498, 500, 501.) An executor, or other trustee, cannot be protected against loss in investing trust funds, unless he loans on real security, or invests in some fund approved by the court. (*Ackerman* v. *Emott,* 4

Barb. 636, 637, 645–8 ; *Mills* v. *Hoffman,* 26 Hun, 594, *Barney* v. *Saunders,* 16 How. [U. S.] 534, 545 ; *King* v. *Talbot,* 40 N. Y. 77 ; *S. C.,* 50 Barb. 453 ; *Leitch* v. *Wells,* 48 id. 599 ; 84 id. 343.) A trustee cannot invest in a promissory note. (*Matter of Foster,* 15 Hun, 387, 389, 393, 394.) In this case the defendant could not be protected against personal liability for loss, by any investment, unless in the manner required by statute "under the direction of the surrogate." (2 R. S. 91, § 48 ; *Holmes* v. *Dring,* 2 Cox, 1.) Where an executor omits, or violates, a positive duty and a loss occurs, he becomes personally liable. (*Eckford* v. *DeKay,* 8 Paige, 89 ; *Ackerman* v. *Emott,* 4 Barb. 648 ; *King* v. *Talbot,* 50 id. 453.) The executor not only invested in an improper security, but he allowed it to lay until the promissory note in which he had invested had become outlawed, which was a *devastavit* and rendered him personally liable, for the amount of the legacy and interest, to the plaintiff when he became of age. (*Powell* v. *Evans,* 5 Ves. 839 ; *Eggleston* v. *Coventry,* 8 id. 466 ; *French* v. *Holson,* 9 id. 103 ; *Wilkes* v. *Stewart,* Coop. Ch. 6 ; *Walton* v. *Walton,* 1 Keyes, 15.) Being payable on demand, the statute commenced running on the note at its date, and an action thereon against the maker is barred by the statute of limitations if not brought within six years after its date. (*Wheeler* v. *Warner,* 47 N. Y. 519 ; *McMullen* v. *Rafferty,* 24 Hun, 363.) Where an executor neglects to collect debts due the estate he is personally chargeable with their amount (even when infants are not concerned) although there has been no loss of the debts, and no improper motives are imputable to the executor — the mere delay is enough to charge him ; as a delay of three years. (*Shultze* v. *Pulver,* 11 Wend. 363, Ct. of Errors ; affirming 3 Paige's Ch. 172 ; *Harrington* v. *Keteltas,* 92 N. Y. 40 ; Dayton on Surr. [2d ed.] 480, 481, 482, 519 ; 65 Barb. 77 ; *Shultz* v. *Pulver,* 11 Wend. 364, 365.) It is no exoneration that the executor was not influenced by any impure motives, or that the executor has acted in good faith and intended fully and fairly to discharge his duty. (*Caffrey* v. *Dailey,* 6 Ves. 487 ;

Wms. on Exrs. 1536–1538; Dayt. Surr. [2d ed.] 480, 48; *Cornwall* v. *Dick*, 3 N. Y. Weekly Dig. 85; *S. C.*, 8 Hun, 122; *Baskin* v. *Baskin*, 4 Lans. 93, 94; *Litchfield* v. *White*, 3 Seld. 438; *Hollister* v. *Burritt*, 14 Hun, 291.) Executors and trustees are not warranted in lending money of the estate on mere personal security, such as the bond or promissory note of the borrower. (Hill on Trustees, 370, 378, marg. page; *Bogart* v. *Van Velsor*, 4 Edw. Ch. 718; Dayt. Surr. [2d ed.] 482; *Lawson* v. *Copeland*, 2 Bro. Ch., chap. 130; 2 Story's Eq. Jur., § 1274; 2 R. S. 91, marg. page, § 48; *Barry* v. *Saunders*, 16 How. [U. S.] 535, 543; *King* v. *King*, 3 Johns. Ch. 552; *Cross* v. *Smith*, 7 East, 246) Administration of assets implies such a complete disposition of them as not only to collect them from the debtor of the estate if they are in that condition, but finally to place them in the hands of the creditor, legatee, or distributee, to whom, after undergoing the process of administration, they finally belong. (*Walton* v. *Walton*, 1 Keyes, 17; *McClosky* v. *Reid*, 4 Bradf. 339; *Bevan* v. *Cooper*, 7 Hun, 117, 119.) If this was a specific legacy, it was improperly withheld and retained by the executor for such length of time as to make him trustee for the infant, and responsible for the care and investment of the same, to the same extent as any trustee. (*Fisher* v. *Fisher*, 1 Bradf. 335; 1 Madd. Ch. 91; *Cromwell* v. *Kirk*, 1 Dem. [N. Y. Surr. Ct.] 599; *Van Epps* v. *Van Deusen*, 4 Paige, 64, 71, 74; *Isenhart* v. *Brown*, 2 Edw. Ch. 341, 348.) The executor having rendered an account and verified it with his oath, that he has collected this note of James Davis, he ought to be bound and estopped by this account and the decree to that effect, and ought not to be permitted to contradict it. (*McMarsh* v. *Pres.*, *etc.*, 55 N. Y. 222; 26 Barb. 346, 354; McClellan's Surr. 308, 309.) Defendant could not proceed to transfer this note to the plaintiff or bearer. He could not transfer the note except by order of the surrogate, and then only to a general guardian, or to the surrogate himself. (*Wilcox* v. *Smith*, 26 Barb. 318, 336; 2 R. S. 91, § 47; id. 98, § 82; *Stephens* v. *Van Buren*, 1 Paige, 479; *McCabe* v. *Fowler*, 84 N. Y. 318; *Harrington*

v. *Keteltas*, 92 id. 40; 14 Hun, 291, 293.)    Defendant's possession of the note was sufficient to enable him to collect it, and payment to him would have been good.  (*Crandall* v. *Schroeppel*, 1 Hun, 557; *Scoville* v. *Landon*, 50 N. Y. 686; *Merritt* v. *Cole*, 9 Hun, 98; 4 Edw. Ch. 718; 1 Paige, 479.)    The trial court erroneously admitted evidence of directions of the plaintiff's mother to the defendant, to keep the note until the minor became of age.  (*Combs* v. *Jackson*, 2 Wend. 153; *Hyde* v. *Stone*, 7 id. 356; *Jackson* v. *Combs*, 7 Cow. 37; *Whitlock* v. *Whitlock*, 1 Dem. [Surr. Ct.] 160; *Mills* v. *Hoffman*, 26 Hun, 600; 2 Wms. on Exrs. 1259, 1267, and note, 1268; 2 Perry on Trusts, §§ 612, 624; Hill on Trustees, 398; *Genet* v. *Tallmadge*, 1 Johns. Ch. 3; *Morrell* v. *Dickey*, id. 156; *Houghton* v. *Watson*, 1 Dem. [Surr. Ct.] 299; *People* v. *Supervisors*, 70 N.Y. 228; *Krekeler* v. *Thaule*, 73 id. 608; *Godfrey* v. *Mosher*, 66 id. 250; *Mackay* v. *Lewis*, 73 id. 382.)    The accounting in the Surrogate's Court was of no binding force against the plaintiff.  The decree and all proceedings, and the orders made therein, were absolutely void as to plaintiff, who had no notice.  (*President*, etc., v. *Hasbrouck*, 6 N. Y. 221; *Hood* v. *Hood*, 19 Hun, 300, 302; *Whitlock* v. *Whitlock*, 1 Dem. [Surr. Ct.] 160; *Hellet* v. *Rathbone*, 4 Paige, 102, 106; Laws 1863, chap. 362, § 1; 2 R. S. 93, § 61; *Bellamy* v. *Guhl*, 62 How. Pr. 460; *Ingersol* v. *Mangum*, 84 N. Y. 622; Dayton's Surrogate [2d ed.], 469, 470; 2 R. S. 94, § 65; *Story* v. *Dayton*, 22 Hun, 450; *Matter of Fritz*, 2 Paige, 374, 304; 1st General Rule, p. 49; *Pinckney* v. *Smith*, 26 Hun, 524; 2 R. S. 92, § 54; Dayton's Surrogate [2d ed.], 459, 460, 482; *Wilcox* v. *Smith*, 26 Barb. 319, 341–2; *Metzger* v. *Metzger*, 1 Bradf. 265; 2 R. S. 92, § 55; 6 Paige, 167.)  The legacy being a demonstrative legacy, it would not be adeemed, or the plaintiff's right of action destroyed by the loss to the estate of one of the renewed notes against James Davis taken for half of the original note against him.  (Dayton's Surrogate [2d ed.], 400; *Doughty* v. *Stillwell*, 1 Bradf. 300; *Clayton* v. *Wardwell*, 2 id. 1, 7.)  The legacy to the

appellant was a pecuniary legacy. (*Doe* v. *Shelton*, 3 Ad. &
El. 265, 283; 1 Greenl. Ev., § 23, note 3; Bouv. L. Dic., tit.
Legacy; *Roberts* v. *Pocock*, 4 Ves. 150; *Kirby* v. *Porter*,
id. 748; *Dean* v. *Zest*, 9 id. 146; *Wilson* v. *Brownsmith*, id.
180; *Pawlet's Case*, Ld. Raym. 335; *Peterborough* v. *Mort-
lock*, 1 Bro. Ch. 565; *Enders* v. *Enders*, 2 Barb. 366, 367.)
It was the executor's duty to discharge the legacy at the ex-
piration of one year from the granting of letters testamentary.
(*Walton* v. *Walton*, 1 Keyes, 17; *McClosky* v. *Reed*, 4 Bradf.
339; *Bevan* v. *Cooper*, 1 Hun, 117, 119.)   Any person who
takes possession of an infant's property takes it in trust for
the infant (whether the property be a legacy, or held in the
infant's own right), and will be held to the same degree of
responsibility as if he had been formally appointed to the
office of guardian, and is accountable to the like ex-
tent.     (*Fisher* v. *Fisher*, 1 Bradf. 335; 1 Madd. Ch. 91;
*Cromwell* v. *Kirk*, 1 Dem. 599; *Van Epps* v. *Van Deusen*,
4 Paige, 64, 71, 74; *Mason* v. *Roosevelt*, 5 Johns. Ch. 542.)
The taking of the note payable to the infant or bearer, with-
out any delivery to him, or promise to him personally, did not
prevent the note outlawing in six years. (*Darnall* v. *Adams*,
13 B. Monr. 273; *Brady* v. *Walters*, 55 Ga. 25; *Williams* v.
*Otey*, 8 Humph. 563; *Bennett* v. *Williamson*, 8 Ired. 121.)


EARL, J. In October, 1861, Elbertia Van Allen made her
will in which she gave to Christina Amelia Davis a certain bond
and mortgage made and executed by her husband, James Davis;
to Helen Stephenson, a certain bond and mortgage executed by
John Stephenson; to J. Elbert Davis "the sum of $243.92, a
portion of the debt due me from the said James Davis secured
by his notes;" to James Van Allen Davis "the sum of $243.92,
another portion of the debt due me from the said James Davis
and secured by his notes." At the time of making the will the
testatrix held a single note against James Davis for the amount
of the two sums thus bequeathed. Thereafter, in 1863, she
died, leaving the note among her assets unpaid. The de-
fendant was named executor in her will and took upon him-

self the execution thereof.   James Van Allen Davis, the plain-
tiff, and J. Elbert Davis were minor sons of the maker of
the note, and at the time of the death of the testatrix the
plaintiff was about five years old.   About four years after her
death, the defendant surrendered to James Davis the note left
by her, and took in lieu thereof, from him, a note for one-half
the amount thereof, payable to the plaintiff or bearer on demand,
with interest, and for the other half thereof, a note payable to
J. Elbert Davis on demand with interest.   A few days after
taking these notes, he applied to the surrogate of Wayne county
for a settlement of his accounts, and in his petition, among other
things, stated that the plaintiff, one of the legatees named in
the will, was an infant under the age of twenty-one years, hav-
ing no guardian.   No citation for the accounting was served
upon the plaintiff who was then about nine years old, but it was
served upon his mother who, as a legatee, was also interested in
the accounting.   Upon the return day of the citation, an attorney
was appointed his special guardian for the accounting, and the
defendant presented his account to the surrogate, in which he
charged himself with having received May 5, 1865, upon the
note of James Davis, two items of $203.87 each, and under the
same date he credited himself with having paid to J. Elbert
Davis and to the plaintiff each the sum of $203.87.   No men-
tion was made in the account of the surrender of the note of
James Davis left by the testatrix, or of the taking of the two
notes in the place of it; nor was any mention made in the
account, or in the decree of the surrogate thereon, of the two
notes, and there was no adjudication in reference to such notes.
Upon the accounting, no action whatever was had in reference
to the note which had been taken for the plaintiff.   Thereafter
the defendant tendered the note to the plaintiff's mother, but she
refused to receive it, and requested him to keep it until the plain-
tiff should come of age, and the defendant thereafter retained the
note in his possession until after the plaintiff became of age and
commenced this action.   During many years after the defend-
ant took the note from Davis, he was perfectly responsible and
the note could have been collected.   But two or three years
before the plaintiff arrived at his majority, Davis became wholly

irresponsible and insolvent and unable to pay the note. The plaintiff, having become of age, brought this action against the defendant to recover of him the amount of the note with interest thereon.

At the Special Term it was held that the decree of the surrogate was final and conclusive against the plaintiff and protected the defendant against any claim in this action. Upon appeal by the plaintiff to the General Term, the judgment of the Special Term was reversed, and then the defendant appealed to this court.

We are of opinion that the legacy of the plaintiff was a specific legacy of one-half of the note which the testatrix held against his father. Whether a legacy shall be considered specific depends upon the intention of the testator or testatrix, to be derived from the language used in the bequest, construed in the light thrown upon it by all the other provisions of the will. Here there were specific bequests of the two bonds and mortgages to Mrs. Davis and to Mrs. Stephenson, and it is entirely clear that the precise bonds and mortgages named were to go to the legatees. So in the bequests immediately following to the plaintiff and to J. Elbert Davis, it was clearly the intention that the one-half of the note held by the testatrix should go to each of the legatees named. If that note had been paid during the life-time of the testatrix or otherwise canceled or destroyed, so that no obligation at her death rested upon James Davis to pay it, the two legatees would have taken nothing.

As this was a specific legacy and not needed for the payment of debts or any other purpose of administration, it was the duty of the defendant, after the expiration of one year from the granting of letters testamentary, to discharge it by delivery to the legatee. If the two legatees of this note had been adults, the executor would have discharged his duty by delivering it to them jointly, if they were willing to take it in that way. If they had refused to take it, or for any reason could not take it in that way, it would undoubtedly have been proper for him to do as he did — divide the note by taking two notes each for one-half — payable to each of the legatees upon demand, with

interest. In this case the defendant so far discharged his duty by taking the two notes, and that act imposed no new or additional obligation upon him.

As the plaintiff was a minor, the defendant could not discharge himself by delivering the note to him, nor by delivering it to his mother, Mrs. Davis. She was not his legal, nor while his father lived, his natural guardian. A delivery to her would not have been an effectual delivery to the plaintiff so as to discharge the defendant.

As the plaintiff was a minor, the note should have been delivered to his guardian. It furnishes the defendant no defense that the plaintiff did not have a guardian at the time, for it was in his power to procure the appointment of one, as it is provided by section 5 of title 3, chapter 8, part 2 of the Revised Statutes, as amended by section 44 of chapter 460 of the Laws of 1837, that if a minor be under the age of fourteen years, the application for the appointment of a guardian may be made by any relative or other person in his behalf. Therefore, in this case, if the defendant desired to discharge himself from responsibility as to this specific legacy, he should have procured the appointment of a guardian, and then have delivered the note to such guardian. He could not hold the note for more than fifteen years, until the maker thereof became wholly insolvent and the note wholly worthless, and escape liability by then tendering the note to the legatee. It does not avail the defendant to say that the relatives of the plaintiff could have procured the appointment of a guardian. They had no duty to discharge which required the appointment of a guardian. But if the defendant desired to be relieved of responsibility in reference to the note, the duty rested upon him to make a valid delivery thereof to the legatee, and for that purpose it was incumbent upon him to have a guardian appointed.

But if we should assume that the defendant was under no obligation to have a guardian appointed for the plaintiff, and that after the accounting, he owed him no duty as executor in reference to the note, the same result would still follow. He took and retained possession and control of the note, and, upon the assumption made, thus became trustee thereof· for the

plaintiff, charged with substantially the same duty in reference thereto as would have devolved upon him if he had been formally constituted trustee. Having the possession and con-trol of the property of an infant who is supposed in law inca-pable of taking care of his own property and looking after his own interests, he was bound to exercise some care and diligence in preserving and protecting the same; and he could not care-lessly permit the same to be destroyed or become worthless without incurring liability. He should have used efforts to secure the note, or to collect it either in his own name or that of the infant. (*Cromwell* v. *Kirk*, 1 Dem. 599; *Van-Epps* v. *Van Deusen*, 4 Paige, 64; *Mason* v. *Roosevelt*, 5 Johns. Ch. 534.)

The decree of the surrogate upon the final accounting furnishes the defendant no defense, because it was not bind-ing upon the plaintiff. He was not served with a citation for the final accounting as required by the statute. (2 R. S. 93, § 61; *Kellett* v. *Rathbun*, 4 Paige, 102.) Therefore as there was no service of a citation upon him, the court had no jurisdiction to appoint a special guardian for him, and the appointment of such guardian and his appearance did not give the court jurisdiction of him, and for this reason that account-ing and the decree made thereon do not bind the plaintiff. (*Ingersoll* v. *Mangam*, 84 N. Y. 622.) But farther, upon that accounting there was no adjudication whatever in reference to this note or the specific legacy. The note representing the plaintiff's specific legacy was then held by the defendant. He did not claim that he had delivered it to the plaintiff, and had thus discharged the legacy, and no reference whatever was made to it in the account or in the decree; and hence as there was no adjudication about it, the accounting furnishes the defendant no defense.

We are, therefore, of opinion that the order of the General Term is right and should be affirmed, and judgment absolute should be ordered against the defendant, with costs.

All concur.

Order affirmed and judgment accordingly.