WILLIAM T. FORBES *vs.* JOHN G. McHUGH & others.

Worcester.    October 2, 1890. — October 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Executor — Probate Bond — Filing of Inventory and Account.*

An executor who receives no assets and files no inventory within three months of
his appointment commits a breach of his bond by failing to file an inventory
within a reasonable time after assets come to his hands, although the Pub. Sts.
c. 129, § 5, and c. 132, § 5, provide for one inventory only, and for including
assets thereafter received in the executor's account.

If an executor neglects to file an account within one year after his appointment, it
is a breach of his bond, although a debt due from the testator to the executor
and the burial expenses paid by him exceed in amount the assets, and no claims
are presented by creditors within the two years.

An action on the bond of an executor who fails to file the requisite inventory and
account lies on behalf of a legatee, without showing that any damage has been
sustained beyond such omission.

CONTRACT, brought by a judge of probate on behalf of a lega-
tee, against an executor and his sureties upon a probate bond in
the form prescribed by the Pub. Sts. c. 129, § 5.   Writ dated
June 28, 1889.   Trial in this court, without a jury, before *W. Al-
len,* J., who allowed a bill of exceptions, in substance as follows.

It was in evidence that the bond was duly executed and filed
on June 7, 1887; that the inventory and account were filed on
April 9, 1890; and that the account had not been allowed by
the probate judge, the citation thereon being returnable at a
later date than the trial.   The defendants offered to prove that
all the assets mentioned in the inventory were received more
than three months after the filing of the bond; also, that no
creditors had presented claims against the estate which remained
unpaid; that at the time of his decease the testator was in-
debted to the executor in a sum greater than all the assets at
any time in the hands of the executor; that all the funeral ex-
penses had been paid; and that at no time had the executor
funds with which to pay any portion of this legacy.

The defendants asked the judge to rule: 1. That it is no
breach of the bond to omit filing an inventory when no assets
come into the hands of the executor until after the expiration of

three months from the date of the appointment. 2. When the debts due from the testator at the time of his decease to the executor and the burial expenses paid by him exceed in amount all assets at any time received by the executor, and no creditor presents any claims within two years from and after the date of the appointment, it is not a breach of the bond to omit filing an account without being first cited thereto. 3. That the plaintiff cannot maintain this action without showing that some damage has been sustained by reason of the omission of the executor to file either the inventory or account.

The judge refused so to rule, and found for the plaintiff; and the defendants alleged exceptions.

*J. H. Bancroft & D. F. O' Connell*, for the defendants.

*E. F. Thompson*, for the plaintiff.

DEVENS, J. 1. Even if it would have been an excuse for failing to return an inventory within three months, for the principal defendant to show that within that time he had not received any personal property of the testator, which we do not now deem it necessary to consider, it would not relieve him from his duty to return an inventory within a reasonable time when he did receive assets, and the failure so to do after he did receive them was a breach of the condition of his bond. It is not the less so because only one inventory is to be returned, and property thereafter received may be included in the executor's account. Pub. Sts. c. 129, § 5; c. 132, § 5. *Walker* v. *Hall*, 1 Pick. 20. *Hooker* v. *Bancroft*, 4 Pick. 50.

2. The second ruling requested was, in substance, that if the debt due from the testator to the executor exceeded the amount of assets received by him, and no creditor had presented any claim within two years after the date of his appointment, it was not a breach of the bond to omit filing an account. The terms of the bond required the defendant to file his account within a year, and the statute requires that, if any claim by the executor is disputed, it shall be submitted to the Probate Court. Pub. Sts. c. 129, § 5; c. 136, § 6. It is intended that such a matter as the claim of an executor for a debt due from the testator shall be settled in the account of the executor in the Probate Court, and that it shall be there passed upon and adjudicated. The executor cannot, by neglecting to comply with the statute,

insist that it shall primarily be determined in a suit brought upon his bond for non-compliance with its conditions.

The executor, after suit brought, filed an inventory and an account, and he urges that, if the evidence he offered was not admitted, the trial should have been postponed until action could be had by the Probate Court on the account. He does not appear by the exceptions to have made any motion that it should be thus postponed, and if he had done so, it would have been a matter within the discretion of the presiding justice. The condition of his account related also to the inquiry as to the amount for which execution should issue, rather than to the inquiry whether there had been any breach of the bond, which was the only subject then before the court.

3. The defendant further requested a ruling, that the plaintiff could not maintain this action without showing that the party on whose behalf the suit was brought had sustained damage by reason of the omission to file either the inventory or the account. This was properly refused. It must be held that a party interested in an estate sustains damage when the acts which should have been done for his benefit, as well as for that of others interested, are omitted. Nor would it require much argument to show that the legatee on whose behalf this suit is brought is injured actually when the executor fails to furnish him with the information to which he is entitled by failing to return his inventory and account.          *Exceptions overruled.*