Surrogate's Court, Kings County, October, 1918.   [Vol. 104.

Matter of the Petition of HENRY A. INGRAHAM, to Render and Settle his Account as Executor of the Last Will and Testament of ELIZA COREY PARDINGTON, Deceased.

(Surrogate's Court, Kings County, October, 1918.)

Wills — demonstrative legacies — intention of testatrix.

> Testatrix having received $2,000 as insurance upon the life of her husband loaned to her son $1,500 thereof. Pending a proceeding in the Surrogate's Court to enforce her claim against her son's estate for the amount of said loan with interest, testatrix made a codicil to her last will by which she bequeathed to her deceased son's two daughters "the sum of $1,500 — my husband's life insurance money, which they already have." The executor of testatrix recovered upon said claim, but the estate of the son being insolvent there was only a part collection of the claim. *Held*, that the intention of the testatrix was that the gift, which was to be drawn primarily from the cause of action against the estate of her deceased son, should be paid by her executor either primarily or exclusively out of property which was hers and which became subject to the administration of her estate.

> The words of the codicil "which they already have" must be regarded as a misdescription, it appearing by parol evidence to have been known to the testatrix to be inaccurate.

> The legacy being in the nature of a general legacy and pointing to the fund out of which it was to be paid was demonstrative, and the parol evidence requiring that the codicil should be construed as if it were a bequest of $1,500 to the legatees from the amount which their father owed to testatrix, the legacy so far as it had not been paid from the demonstrated source was payable from the general estate of testatrix.

ACCOUNTING by executor.

H. A. Ingraham, for executor.

Joseph A. Keenan, special guardian, for Edward Davies Pardington, Arthur David Pardington, George Faber Pardington.

George M. MacKellar, special guardian, for infants Janet L. and Ruth C. Pardington.

KETCHAM, S. The two following questions were not decided upon the trial:

*First.* Whether the gift in the codicil of " Two-thirds (⅔) of my estate " included the deposits in savings banks, which were made in name of the testatrix in trust for relatives named. In the case of each of these deposits, the depositor died before the beneficiary, without revocation or other act or declaration of disaffirmance, and the presumption arises in each instance that an absolute trust was created as to the balance on hand at the death of the depositor. The deposits, therefore, were not a part of the estate.

*Second.* The other question concerned the construction of the codicil, which is as follows: " * * * I will and bequeath * * * to Arthur Pardington's two daughters, Janet L. and Ruth C. the sum of $1500. — my husband's life insurance money, which they already have."

The testatrix in 1907 received $2,000 as insurance upon the life of her husband. As early as 1910, she loaned to her son, Arthur, $1,500, part of the $2,000 aforesaid. Before the codicil was made the son died, and the testatrix had initiated proceedings in the Surrogate's Court having jurisdiction of his estate for the enforcement of her claim against him, alleging that his estate was indebted to her on account of the loan in the sum of $1,969.59, which last named sum was evidently the amount of the loan with interest. This proceeding was pending when the codicil was executed, and the executor has since her death recovered upon such claim, but the estate of the son being insolvent has collected only $885.42 on account of such recovery.

The codicil was drawn by a layman, who testifies

Surrogate's Court, Kings County, October, 1918. [Vol. 104.

that, after he had written down the provision in question and before the codicil was signed, he asked the testatrix " whether the daughters of her son had it," and she answered that she was referring to the $1,500 of her husband's life insurance money which she had loaned to their father.

It is claimed by the executor and the residuary legatees that the only sum which is payable under this provision was $885.42, the sum received from the debtor of the testatrix on account of the loan, and they contend in support of the claim that the codicil shows an intention that the gift of $1,500 was to be drawn not from any portion of the decedent's estate but from a particular fund thereof not in her possession.

It is certain that the legacy was to be drawn primarily from the cause of action against the estate of the decedent's son, but it is equally clear that the testatrix was then asserting her right to that claim. Hence, the intention of the gift was that it should be paid by her executor either primarily or exclusively out of property which was hers and which became subject to the administration of her estate. Here is no likeness to the gift of a legacy to a debtor of the debt. The testatrix well understood, for she had asserted, that the money was loaned to her son and was recoverable from his estate.

The language of the instrument " which they already have " must be disregarded, since it is a clear misdescription, and is shown by parol evidence to have been known to the testatrix to be inaccurate. Of course, the claim that the legacy was payable out of specific property belonging to the testatrix inevitably confesses that the legacy was either specific or demonstrative. That it was to be paid from the chose in action against the son's estate must be conceded. It

only remains to determine whether it was payable from that source alone.

It could not be a specific gift since it was less than the whole sum indicated as the source of payment. A legacy of " $1,500 — the amount which my son owes me " might well be specific, if $1,500 only was due from the son, but a legacy of " $1,500 payable out of $1,900, which my son owes me," is demonstrative. It does not contemplate a direct gift to the legatee, to be taken without the intervention of an executor. It intends rather a gift which must come only from the process of administration. Unless the executor finds it necessary to possess himself of the subject of a specific legacy in order to provide for debts or expenses of administration, he has nothing to do with it, and it passes directly to the legatee; but where the gift is carved out of a particular piece of property, apparently or possibly greater than the gift itself, it is ordinarily the duty of the executor to administer the property and to pay the legacies therefrom so far as it may be available. The exercise of this duty is inconsistent with a specific gift.

" Two elements are necessary in order to constitute a demonstrative legacy. There must be, *first,* a bequest in the nature of a general legacy, and, *second,* it must point to a fund out of which the payment is to be made, partaking of the character of a specific legacy." *Crawford* v. *McCarthy,* 159 N. Y. 514. In the case last cited, as in the case of *Davis* v. *Crandall,* 101 N. Y. 311, the claim of a demonstrative legacy was defeated upon the sole ground that the first of these two elements, viz., " a bequest in the nature of a general legacy " was lacking. In the case at bar this feature is distinct.

There is no gift of the claim against the son of the testatrix or any part thereof specifically. There is a gift of a pecuniary legacy. This is soluble in money

and not in property. As already argued, it was payable by the executor out of the processes of administration and is not a direct gift which would automatically pass to the legatees.

It is the decided tendency of the courts to hold "that no legacy is specific unless demonstrably so intended, and * * * generally incline in favor of considering doubtful bequests, general legacies, chargeable upon the security named, as the fund first to be applied." *Doughty* v. *Stillwell,* 1 Bradf. 300. The parol evidence requires that the codicil be construed as if it were: "I give to Janet and Ruth, $1,500 from the amount of $1,969.50, which their father owes to me." Under such reading, the legacy so far as it is not paid from the demonstrated source is payable from the general estate. The decree will provide accordingly.

Decreed accordingly.