ESTATE OF ABRAHAM WERBELOVSKY, SAMUEL SMALL, ROSE SMALL AND EVERETT STEIN, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10363.    Promulgated October 15, 1947.

*Sylvester Benjamin, Esq.*, for the petitioners.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: The only question to be decided is whether the petitioners' estate is liable for a penalty because of the late filing of the estate tax return, without reasonable cause for the delay, within the intendment of section 3612 (d) (1) of the Internal Revenue Code. The total amount of the penalty is $3,367.55, of which $2,826.77 has been paid, leaving a deficiency of $540.78 in penalty. Petitioners contend that the entire amount of the penalty should be abated, and from this it is understood that petitioners claim overpayment of penalty.

There is a deficiency in the estate tax itself in the amount of $1,-538.69, which results from disallowance of deduction of $10,802.40 for executors' commissions. At the trial it was understood that allowance of deduction for executors' commissions could be disposed of by agreement of the parties and given effect under a Rule 50 recomputation. Therefore, no consideration is given to the issue presented in the pleadings that the respondent erred in disallowing the claimed deduction. Petitioner offered no evidence under this issue because of the above understanding. It is assumed that this item will be disposed of by the parties under a Rule 50 recomputation, but, in the event that agreement is not reached, petitioners may move within 30 days from the date hereof for further hearing for the purpose of offering evidence in the matter of the allowance for executors' commissions or to have the record opened to receive a stipulation of facts.

The substance of petitioners' argument is that the delay in filing the estate tax return was due to reasonable cause. The respondent contends that the record fails to show that there was reasonable cause for the delay.

Consideration has been given to the respective arguments of the parties, and the cases presented by each party in support of his contention have been analyzed. In the light of these cases, the evidence has been carefully examined to determine whether the facts show that there was reasonable cause for delaying to file the estate tax return for a period of 2 years and 10 months after the decedent's death, which was 1 year and 7 months after the return was due. Enumeration of the various cases cited is not considered to be necessary.

The penalty which attaches to the failure to file the estate tax return within the time prescribed by the Commissioner in pursuance of law is limited to 25 per cent of the tax; and whether the penalty is the 25 per cent maximum, or less, depends upon the number of 30-day periods, or fractions thereof, that there is failure to file the required return. See Regulations 105, sec. 81.89. The issue presented does not relate to the failure to file the 60–day notice within

proper time. The question is whether the failure to file the return within 15 months after the date of death was due to a reasonable cause and not to willful neglect.

The statute provides that the executor shall make estate tax returns (I. R. C., sec. 821 (a)), and that the time for filing shall be governed by regulations of the Commissioner (I. R. C., sec. 821 (b)). Section 821 (a) provides that the executor shall make a return under oath, setting forth, *inter alia*, the value of the gross estate of the decedent at the time of his death, "or such part of such information as may at the time be ascertainable and such supplemental data as may be necessary to establish the correct tax." Section 820 requires the executor to give notice to the collector within two months after the decedent's death. These requirements have been in successive revenue acts provided for estate tax since the Revenue Act of 1919. Regulations governing the making and filing of estate tax returns have been in effect for many years. The estate tax law is not a recently enacted law.

The duty to file a return depends upon the value of the gross estate at the time of death. A return is *required* where the value of the gross estate exceeds $40,000. The return is due 15 months after the date of death. Regulations 105, sec. 81.63.

The Commissioner, in his regulations, has recognized the problems which often are inherent in preparing estate tax returns. Regulations 105, applicable here, provide as follows:

SEC. 81.64. *Persons liable for return.*—The Internal Revenue Code provides that the duly qualified executor or administrator shall file the return. * * * *If, in any case, the executor is unable to make a complete return as to any part of the gross estate,* he is required to give all the information he has as to such property, including a full description, and the name of every person holding a legal or beneficial interest in the property. * * *

SEC. 81.70. *Extension of time by Commissioner.*—In case it is impossible for the executor to file *a reasonably complete return* within 15 months from the date of death, the Commissioner may, upon written application submitted on or prior to the due·date showing good and sufficient cause, grant an extension of time not to exceed 3 months from the due date. Before the expiration of the extension period granted a return *as complete as possible* must be filed. * * * Such return cannot thereafter be amended, *although supplemental information may subsequently be filed that may result in a finally determined tax different from the amount shown as the tax by the executor upon his return.* * * * [Italics supplied.]

See also Regulations 80 (1937 Ed.), secs. 64 and 69.

It is clear that the return which the executor is *required* to file within the 15-month period prescribed is only "a reasonably complete return"; and that there must be good and sufficient cause for not filing such reasonably complete return within 15 months; and

that the extension of time permissible to enable an executor to file a return "as complete as possible" is limited to 3 months.

The petitioners have taken the position that reasonable cause for the failure to file the estate tax return within the prescribed time is found in an alleged inability to ascertain the value of the gross estate. This contention is without merit, as the facts show. It is unnecessary to repeat the facts. The disputes involving the stock of 2 theatre corporations and of the Werbelovsky Sons' stock did not any way impede appraisement of all other assets which constituted the major part of the estate, and had a total value of $113,634.05. For example, petitioners have not shown any reason for their delay in appraising the assets of the 2 real estate companies for purposes of determining the values of the stocks of those companies and, if necessary, the value of 2 debts of the companies to the decedent. In the absence of evidence to the contrary, it has been found as a fact that the values of the assets, exclusive of stocks of 3 companies, could have been determined within the period of 15 months. The weakness of the contention is further demonstrated by the fact that the dispute involving the theatre corporations was settled in June 1941, as a result of which there was agreement that the estate would receive $49,906. The requirements of the Commissioner's regulations under the statute go only as far as to make it obligatory to file a reasonably complete return within the 15-month period, and the regulations permit of a 3-month extension of time for the filing of the return upon showing of good cause. The petitioners have not shown reasonable cause in fact nor in law as a general proposition.

The refuge of the petitioners is in their employment of an attorney for the estate, and the view of the executors, as expressed by one of them at the trial, seems to be that, since an attorney was retained by estate, the executors were freed from the burden of acting carefully and with reasonable promptness in filing the estate tax return. However, this is not a case where the executors were advised by an attorney that no estate tax return would have to be filed, or that appraisement of all assets was unnecessary. Cf. *Adelaide McColgan, Administratrix,* 10 B. T. A. 958; *Fairfax Mutual Wood Products Co.,* 5 T. C. 1279. The attorney testified that he never advised the executors that no return would have to be filed, and he did not deny that it would have been possible to get timely appraisals of all property not connected with any litigation and disputes.

The record does not show that there was any clear understanding with the estate's attorney about his employment in so far as it covered Federal estate tax matters, including the preparation and filing of the return. The attorney testified regarding the preparation of the estate tax return as follows:

As a matter of fact, the accountant retained by the estate was not able to get together a report from which the estate tax return could be filed, until possibly September or October, 1942.

Elsewhere, the attorney testified that it was possible to get appraisals of the assets of the real estate corporations (the values of the stock of which and the indebtedness of those corporations to the decedent aggregated $101,843.27 out of a gross estate of $179,040.51) before 1942, but that the appraisements of the assets of the real estate corporations were not made until sometime in 1942; that he did not employ the appraisers, but that the executors did; that he had no recollection that the executors secured his advice about having the appraisements made; and that he did not know the reason for delaying the appraisement of the two real estate companies in which the decedent had owned all of the stock.

The impression gained from the record is that the attorney for the estate was not asked to be responsible for getting appraisements of all of the assets of the estate, and that he was not furnished with all of the information necessary for making out the return, but that certain preparations were to be made by the accountant for the estate, who was to be given appraisements by the executors. Under such circumstances, petitioners can not validly claim that the delay in filing the return was entirely a matter of their reliance upon advice and judgment of counsel, as in the case of *C. R. Lindback Foundation*, 4 T. C. 652, 667; affd., 150 Fed. (2d) 986. Furthermore, the preparation of the inventory of an estate and the appraisement of the value of such assets are among the duties of executors which they are to carry out within a reasonable time after first receiving the assets. Corpus Juris Secundum, vol. 33, par. 129, p. 1085; *Forbes* v. *McHugh*, 25 N. E. 622.

It must be concluded that the petitioners were negligent in carrying out their responsibility in having such assets appraised as would have enabled them to file a reasonably complete return within 15 months, and that the failure to file the return within the prescribed time was due to their delay in providing the attorney with information which was necessary in the making of the return. It appears that the attorney was not diligent and did not exercise the care which his professional undertakings required, but he was only the agent of the executors, upon whom the obligation to file the return was placed by law. See *Berlin* v. *Commissioner*, 59 Fed. (2d) 996; *Eagle Piece Dye Works*, 10 B. T. A. 1360, 1368.

The petitioners and the estate's attorney have not been able to explain any reasonable cause for failure to file the return even after June 1941, when the theatres' litigation was settled, and after November 17, 1942, when the return was executed. As was said in *Estate of Charles Curie*, 4 T. C. 1175, 1186, "Moreover, the whole question is colored by the protracted delay in filing the return. * * * All of

these circumstances combine to show clearly a lack of reasonable cause for failure to file, if not willful neglect to file."

The respondent's determination that the penalty should be added to the tax is sustained.

*Decision will be entered under Rule 50.*