SUPPLEMENTAL OPINION. HarRon, Judge-. The petitioners do not dispute the validity of section 81.33 of Kegulations 105, which relates to executors’ commissions deductible under section 812 (b). of the Internal Kevenue Code. The pertinent part of section 81.33 is set forth in the margin.[1] The parties are further agreed that under section 285 of the New York Surrogate’s Court Act, Clevenger’s Practice Manual, 1941, the executors are entitled to receive commissions based in large measure on the value of the decedent’s estate. However, it is also acknowledged that, under section 285 of the Surrogate’s Court Act, the value of any “specific legacy or devise” must be excluded from the value of the estate for purposes of computing the executors’ commissions. There has been set forth in the findings of fact the first paragraph of a codicil to the will of the decedent, which he executed on November 10, 1937. It is unnecessary to restate the pertinent provision in full. However, the testator explicitly provided therein for a bequest to Kose Small of: * * * the shares of capital stock that I have in Interboro Theatres, Inc., Popular Theatres, Inc., or any shares of stock or securities that I may receive from any successor corporation or corporations to either of said two named corporations, for my stock holdings in either Popular Theatres, Inc. or Interboro Theatres, Inc., or any sums of money that I may receive for my stock holdings in Popular Theatres, Inc. or Interboro Theatres, Inc. or for my stock holdings or investment in any successor corporation or corporations to either said Popular Theatres, Inc. or Interboro Theatres, Inc. The executors or trustees were directed to distribute the above stated bequest before the division of the remainder of the residuary estate for final distribution to named legatees upon the death of the wife of the decedent. [Respondent contends that the above bequest was a specific legacy, and petitioners contend that it was a general bequest. We hold that the gift of the stock of the two theatre corporations was clearly a specific legacy. The term “specific legacy,” in so far as it relates to executors’ commissions under section 285 of the Surrogate’s Court Act, is used in its ordinary legal sense. See In re Andble's Will, 249 N. Y. S. 462, 465. As a general proposition, a specific legacy is “a bequest of a specified part of the testator’s personal estate distinguished from all others of the same kind.” Crawford v. McCarthy, 159 N. Y. 514, 518; 54 N. E. 277, 278. See also In re Kingsley's Will, 67 N. Y. S. (2d) 464, 468; and In re Andble's Will, supra. The test is whether it was the intention of the testator to make a specific bequest, and this is “to be derived from the language used in the bequest, construed in the light thrown upon it by all the other provisions of the will.” Davis v. Crandall, 101 N. Y. 311, 319; 4 N. E. 721, 722. See also In re Security Trust Co. of Rochester, 221 N. Y. 213, 219; 116 N. E. 1006, 1007, and cases cited therein; In re Kingsley's Will, supra. There can be no doubt as to the intention of the testator to make a specific bequest of his stock in Interboro Theatres, Inc., and Popular Theatres, Inc. It is significant that the testator referred to the stock of these corporations “that I have,” or “that I may receive from any successor corporation or corporations,” or any money “that I may receive from my stock holdings” in such corporations. In re Anslinger's Estate, 57 N. Y. S. (2d) 466, 469; In re Franklin Trust Co., 160 N. Y. S. 221, 222; In re Andble's Will, supra. The intention to make a specific bequest is further evidenced in the third paragraph of the codicil, which is set out in full in the findings of fact. In. that provision it is directed that disposition of the stock of the theatre corporations by the executors or trustees is to be controlled by the decision of “Rose Small, and my son-in-law, Samuel Small, or but one of them, if but one is then acting as executor and/or trustee.” Thus, the stock of the theatre corporations is distinguished from that of other assets in decedent’s possession, and Rose Small or her husband was accorded a substantial amount of control over the gift which she was ultimately to receive. Cf. In re Wing's Estate, 55 N. Y. S. (2d) 621, 623. Moreover, it should be noted that the stock in question was apparently not dealt in by the general public on public exchanges. Where there are gifts of such closely held stock, the general rule prevails that, absent an indication of a contrary intent, the gifts are specific legacies. In re Kingsley's Will, supra, and cases cited therein. The inclusion of the gift in the residuary clause and the devolution of the stock to Rose Small only after the termination of the trust upon the death of decedent’s wife clearly do not preclude the gift from constituting a specific legacy. In re Miller's Will, 70 N. Y. S. (2d) 472, 475; In re Smith's Estate, 7 N. Y. S. (2d) 302, 304. See also In re Dunigan's Estate, 30 N. Y. S. (2d) 38, 41; Smith v. Smith, 135 S. E. 855. Furthermore, the fact that the executors may have executorial functions to perform in connection with the specific legacy does not provide a basis for the payment of executors’ commissions measured by such legacy. In re Wing's Estate, supra; In re Anable's Will, supra. Upon the authorities cited above, respondent’s contention under this issue is sustained. In the recomputation of the estate tax liability under Rule 50, the value of the stock of the theatre corporations in the amount of $49,906.46 shall be excluded from the value of the assets of the estate in computing the amount of the commissions, payment of which the executors may expect to receive. Decision will he entered under Rule 50. Sec. 81.33 Executor’s commissions. — The executor or administrator in filing the return, may deduct his commissions in such an amount as has actually been paid, or in an amount which at the time oí such filing it is reasonably expected will be paid, but no deduction may be taken if no commissions are to be collected. In case the amount of the commissions has not been fixed by decree of the proper court, the deduction will be allowed on the final audit of the return, provided: (1) That the Commissioner is reasonably satisfied that the commissions claimed will be paid ; (2) that the amount entered as a deduction is. within the amount allowable by the laws of the jurisdiction wherein the estate is being administered; and (3) that it is in accordance with the usually accepted practice in said jurisdiction to allow such an amount in estates of similar size and character. * * *