Maximilian, Moss, S.
In this proceeding the petitioner, who is testator’s widow, has applied for a construction of his will. Paragraphs ‘ ‘ Third ’ ’ and ‘ ‘ Fourth ’ ’ of the will provide bequests to testator’s daughter and granddaughter of 20% of the net estate to each. By paragraph ‘ ‘ Seventh ’ ’, testator granted his wife discretionary power to continue the management of the business ‘ ‘ so long as the business is profitable and from which she can derive an income, or to liquidate and/or sell the same ’ ’. By paragraph ‘ ‘ Eighth ’ ’, testator further provided that the proceeds received from the sale or liquidation of said business ‘ ‘ be deposited in a trust account for the use and benefit of my beloved wife, * * * as hereinafter set
forth. ’ ’ Immediately following is paragraph ‘ ‘ Ninth ’ ’ by which testator provided that all the remainder of his estate, real and personal, be held in trust from which the trustees were directed to pay the sum of $100 per week to testator’s wife during her life, the “ first payment of which shall commence six (6) months from date of (testator’s) death and to be paid to her weekly during the term of her natural life ”. Upon her death the trust *882 is to terminate and any balance remaining in said trust fund shall be paid to testator’s granddaughter, if living, otherwise to his daughter.
Paragraphs “Seventh” and “Eighth” contain no words of bequest of the business or of its income to testator’s wife. The language used by the testator indicates an intention to give the widow, who is the sole executrix, the right to continue the business so long as it is profitable and from which she can derive an income. There are no words from which it might be implied that testator intended to give his widow the net income of the business in addition to $100 per week out of the trust created by paragraph 1 ‘ Ninth ’ ’ of his will.
A particular clause of a will must be considered in the light shed upon it by reading the will as a whole (Davis v. Crandall, 101 N. Y. 311, 319) and by circumstances surrounding the testator at the time he made his will (Matter of Smith, 254 N. Y. 283; Matter of Neil, 238 N. Y. 138). Reading the will as a whole it is evident that testator contemplated the possibility that the business might be unprofitable or that its liquidation and sale may be necessary after his death. The testator provided for such contingencies by directing that the proceeds of such sale or liquidation of the business be held in trust pursuant to paragraph 1 ‘ Ninth ’ ’ of his will. An examination of the profit and loss statements of testator’s business covering a period of five years prior to his death, inclusive of the year in which he made his will, indicates that the average net profit inclusive of officer’s salary was slightly over $100 per week. In the light of such surrounding circumstances, it is apparent that testator did not intend to give his wife the net income of the business plus $100 per week out of the residuary trust created by paragraph ‘ ‘ Ninth ’ ’ of the will. The net income of the business was to be part of the trust created by his will from which his widow was to derive an income of $100 per week comparable to the amount that testator had earned. Testator’s intention in that respect is further evident from the fact that the proceeds of any sale or liquidation of the business shall constitute part of the trust corpus but nevertheless the payments to the widow are limited to $100 per week. Had the testator intended to make a gift of the net income of the business in addition to the trust provided for her under paragraph ‘1 Ninth ’ ’ of the will, he would have so stated. Parol evidence may not be substituted to provide omitted words or to vary the provisions of the will (Matter of Smith, supra; Dwight v. Fancher, 245 N. Y. 71; Brown v. Quintard, 177 N. Y. 75, 85; Matter of Nelson, 268 N. Y. 255: Matter of Tanargo, 220 N. Y. 225).
*883 The court holds that the business assets and net income derived from operation of the business are assets of the estate and shall be turned over to the trustees to be held in trust pursuant to paragraph ‘ ‘ Ninth ’ ’ of the will, and to pay the widow the sum of $100 per week out of income and principal thereof. The court further holds that testator’s daughter and granddaughter are entitled to have their respective gifts under paragraphs ‘1 Third ’ ’ and ‘1 Fourth ’ ’ of the will computed prior to any deductions of any other general legacies (Matter of Marxuach, 9 Misc 2d 784) and that the net estate includes testator’s business as well as all other property, real, personal or mixed (Matter of Pierce, 111 N. Y. S. 2d 525) less debts, funeral and administration expenses (Matter of Goldstein, 109 N. Y. S. 2d 553; Matter of Mass, 65 N. Y. S. 2d 93).
Settle decree on notice.