(35 Misc. Rep. 17.)

CRAMER et al. v. CRAMER et al.

(Supreme Court, Trial Term, Saratoga County. May, 1901.)

1. WILLS—SPECIFIC LEGACY.

Where testatrix makes a particular disposition in a will, dependent on a memorandum to be made by her, but which memorandum she never makes, the specific legacy fails, and the property becomes a part of the residuary estate.

2. SAME—SUFFICIENCY OF BEQUEST.

Testator bequeathed in amounts named "of the following stocks and bonds now held by me," enumerated, and also made bequests in "the sum of ——— dollars, par value of certain capital stock," enumerated. *Held* insufficient in itself to show that testatrix had given specific stock to her legatee, but sufficient, in connection with a clause directing the executors to pay out of the residuary estate inheritance taxes, so that they need not be deducted from specific bequests, and providing, also, that, if any of the securities specifically devised should be disposed of before death of the testatrix, the beneficiary named should receive cash equal in value to such securities.

Action by Frank Cramer and others, executors of the will of Harriet C. Porter, deceased, against George H. Cramer and others, to construe a will. Decree rendered.

C. A. Waldron, for plaintiffs.

Edward Murphy, 2d, guardian ad litem for infants George H. Cramer and others.

William Shaw, for defendant Le Grand C. Cramer.

Hun, Johnston & Hand, for defendant Mary C. Johnston.

HOUGHTON, J. Two questions are involved. The first is with reference to the twenty-second clause, by which the will bequeaths certain paintings, bric-a-brac, jewelry, etc., in accordance with a memorandum bearing even date with the will, to which the testatrix refers. The memorandum was never made, and hence the attempted transfer of this property fails. There is a general residuary clause, however, broad in its terms, and the property attempted to be transferred by this provision passes to the residue and forms a part of the remainder of the estate.

The second question is with reference to the bequest of certain stocks and bonds. The testatrix, at the time of making the will and at the time of her death, owned a large amount of bonds and railroad and other stocks, more than sufficient to meet the particular bequests, if they be adjudged specific. There are ten clauses of the will referring in terms to certain stocks. The language of the first clause referring to that subject is more direct and specific than any of the others, and contains a bequest of the amounts named "of the following stocks and bonds now held by me," enumerating them. The language of the succeeding bequests is "the sum of ——— dollars, par value of certain capital stock," enumerating it. The controversy arises because of the peculiar language contained in these bequests.

Standing alone, this language would not be sufficient, I think, to authorize the court in holding that the testatrix had succeeded.

in giving the specific stocks to her legatees; but there are other clauses of the will which, I think, clearly show that the testatrix intended to make specific bequests of these stocks. It is true that it is a rule of construction that a legacy will be deemed general, rather than specific. This arises from the fact that, unless there be a clearly expressed intention of the testator to give a specific thing, it ought to be considered as a general legacy, because a testator is presumed to treat all his beneficiaries alike, and, if there is necessity for abatement, all should equally bear the burden. No question of this character, however, arises in this case, because there is a large amount, however the will may be construed, that passes to the residuary estate. But that fact does not affect the rule of construction that ought to be applied. However strict the technical rule of construction may be, it must yield to that one which is the foundation of all interpretation of wills, that the intention of the testator must govern. In speaking of arbitrary rules for the construction of the provisions of a will, Gray, J., in Re James, 146 N. Y. 103, 40 N. E. 876, says:

"In every case, in this or any other state, however stringently that rule (converting perishable securities into legal investments, instead of retaining in specie, as between life tenant and remainder-man) is applied as between a tenant for life and remainder-man, it is the absence of manifest or plain intention which sets it in operation."

Whether a legacy shall be considered specific depends upon the intention of the testator, to be derived from the language used in the bequest, construed in the light thrown upon it by all the other provisions of the will. Davis v. Crandall, 101 N. Y. 319, 4 N. E. 721; In re Mitchell, 61 Hun, 372, 16 N. Y. Supp. 180; In re Hastings, 6 Dem. Sur. 307. Adverting, therefore, to the other portions of the will throwing light on the particular bequests, we find that the testatrix in the second clause uses this language:

"I direct my executors to pay out of the principal of the residuary portion of my estate all inheritance taxes on the various bequests herein contained, so that said taxes shall not in any case be deducted from the specific bequests, or any of them."

And further, in the third clause:

"In case any of the securities herein devised specifically should be disposed of before my death, I authorize and direct my executors to pay in lieu thereof to the beneficiary named such sum or sums in cash as would equal in value such securities, respectively, if estimated at the current market price of the same at the date of my death, as near as may be."

And again, in the fifth clause:

"I hereby grant and give to my executors full power and authority to sell any and every portion of my real and personal estate, except such portions as are herein specifically devised."

The misnomer involved in the word "devised" does not change the meaning of the testatrix or indicate that she failed to understand the provision. The interchange of the words "bequeathed" or "devised" is of no moment, where the intention of the testator is plain. In re White, 125 N. Y. 551, 26 N. E. 909. These various provisions make it clear, I think, that the testatrix intended the

stocks which she mentions in the various clauses to pass in kind to the various legatees. She refers to them in the plural. She is careful to guard them against the burdens of taxation, and prohibits her executors from selling. In case she shall dispose of them herself, she is careful that the legatees shall have in money what the stocks would have brought at the time of her death. The conclusion is irresistible that, however inartificial her language may have been, the testatrix desired the stocks and bonds, which were of a high order of securities, to pass to her various legatees.

This is not contrary to the case of Tifft v. Porter, 8 N. Y. 516, cited by the plaintiff. In the will there under consideration there was no extrinsic language from which the court could say that it was the intention of the testator that the legacy should be specific, and it applied the strict rule and held the legacy to be general.

With reference to the Lake Shore stock, I think the bonds representing it passed to the legatee. The stock was not sold by the testatrix. Only a new security was taken, growing out of the stock and representing it.

A decree may be drawn in accordance with the above. Ordered accordingly.