In the Matter of the Accounting of SECURITY TRUST COMPANY OF ROCHESTER, as Executor of JAMES T. MILLER, Deceased, Appellant.

CARRIE E. MILLER, Appellant; FRANCIS C. MILLER et al., Respondents.

**Will** — gift of stock held by testator in manufacturing corporation — provisions of will examined and held that it was the intention of testator to give to the legatees named the specific shares of stock held by him in the manufacturing corporation named; that such legacies were not general, and that the dividends accrued on such stock should be paid to the specific legatees.

Testator bequeathed all of the shares held by him of the capital stock of the Kee Lox Manufacturing Company, in various amounts, to relatives and employees. Within the year after the granting of letters testamentary the dividends payable upon this stock amounted to a very considerable sum which, if the legacies be general, pass under the residuary clause of the will, but if specific follow the stock into the hands of the specific legatees. The testator, who was the organizer and incorporator of the corporation, owning nearly one-half of its stock, bequeathed the total amount of his holdings to his relatives and employees, directing that the executor pay all expenses out of other portions of his estate; that the executor open his deposit box in which he kept the stock, in the presence of three of the beneficiaries thereof, and that his debts be paid out of the proceeds of the stocks and bonds which he "may hold in corporations other than the Kee Lox Manufacturing Company." On examination of the terms of the will, and applying the rule that it is the intention of a testator, as gathered from his entire will, which determines whether a legacy be general or specific, *held*, that there

clearly is an intention to give to the legatees named the specific stock which the testator held in the Kee Lox Manufacturing Company at the date of his will and at the time of his death. (*Tifft* v. *Porter*, 8 N. Y. 516, distinguished.)

*Matter of Security Trust Co.*, 178 App. Div. 909, affirmed.

(Argued June 7, 1917; decided July 11, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 4, 1917, which affirmed a decree of the Monroe County Surrogate's Court judicially settling the accounts of the executors of James T. Miller, deceased.

The facts, so far as material, are stated in the opinion.

*Hiram R. Wood* for appellants. The legacies in question are not specific. (*Tifft* v. *Porter*, 8 N. Y. 516; *Crawford* v. *McCarthy*, 159 N. Y. 514.)

*James M. E. O'Grady* for Francis C. Miller et al., respondents. A testator may create a specific legacy in his own terms. (10 Am. & Eng. Ency. of Law [2d ed.], 715, 716.) The testator made a gift to certain individuals of all of the stock which he had in the Kee Lox Company at the time he made his will, specifying it by name. The fact that he divided his stock among several persons instead of giving it all to one person does not alter the fact that he intended it as a specific legacy. (*Getman* v. *McMahon*, 30 Hun, 531; *White* v. *Winchester*, 6 Pick. 48; 2 Williams on Executors [7th Am. ed.], 445, 446; *N. A. Trust Co.* v. *Powell*, 29 Ind. App. 394; *Davis* v. *Crandall*, 101 N. Y. 311.) The testator by the language of the legacies to certain of his sisters has clearly indicated the Kee Lox legacies to be specific. (*Metcalf* v. *Framingham*, 128 Mass. 370; *Merode* v. *McDonald*, [L. R.] 3 Ch. 584; *Matter of Martin*, 25 R. I. 1; *Douglass* v. *Douglass*, 13 App. Cas. [D. C.] 21.) The testator by directing that all other property shall be used

to pay his debts before the Kee Lox or Crown Ribbon stock constituted the legacies of both of these stocks specific. (*Taylor* v. *Dodd*, 58 N. Y. 335; *Blood* v. *Kane*, 130 N. Y. 514; *Toch* v. *Toch*, 81 Hun, 410; *Cramer* v. *Cramer*, 35 Misc. Rep. 17; *Matter of Hastings*, 6 Dem. 311.)

*George S. Van Schaick* for Clarence W. Reynolds et al., respondents. The question of law as to whether these legacies are specific or general depends upon the question of fact as to the intention of the testator as gathered from the will and from the extrinsic circumstances surrounding the testator at the time the will was made. (*Tifft* v. *Porter*, 8 N. Y. 516; Wigram on Wills, 142, 153, 154; *Matter of Hastings*, 6 Dem. 307.) The bequests of Kee Lox stock were properly held to be specific legacies because the ownership by James B. Miller of 2,024 shares of Kee Lox stock at the time of the making of the will in which he disposed of precisely that number of shares of Kee Lox stock taken in connection with his personal relations with the Kee Lox Manufacturing Company, and the relation to that company of the beneficiaries of the bequests, clearly indicated an intent on the part of the testator to refer in his will to his own shares of stock just as effectually as if he had used the word "my" in that connection. (*Tifft* v. *Porter*, 8 N. Y. 516; *Unitarian Church* v. *Tufts*, 151 Mass. 76; *Matter of Hastings*, 6 Dem. 307; *Norris* v. *Thompson*, 16 N. J. Eq. 542; *Norris* v. *Thompson*, 15 N. J. Eq. 493; *Kunkel* v. *MacGill*, 56 Md. 120; *Matter of Martin*, 54 Atl. Rep. 589; *White* v. *Winchester*, 6 Pick. 48; *Thayer* v. *Paulding*, 200 Mass. 98.) The exoneration of the Kee Lox stock from the payment of debts clearly shows the intention of the testator to make the bequests of Kee Lox stock specific. (*Jacques* v. *Chambers*, 2 Colly. Ch. Cas. 435; *Townsend* v. *Martin*, 7 Hare, 471; *Founteine* v. *Tyler*, 9 Price, 94; *Queen's College* v. *Sutton*, 12 Sim. 441.)

*Walter S. Hubbell* for Effie C. Moore, respondent. The bequest of 200 shares of Kee Lox stock to Effie C. Moore, sister of the deceased, was a specific bequest of personal property and, therefore, carried with it dividends on the stock declared and paid after the death of the testator. (*Crawford* v. *McCarthy,* 159 N. Y. 514; 1 Cook on Corp. § 299; 4 Thomp. on Corp. § 4291; 3 Pom. Eq. Juris. § 1130; *Metcalf* v. *Framingham Parish,* 128 Mass. 370; *Unitarian Society* v. *Tufts,* 151 Mass. 76; *Thayer* v. *Paulding,* 200 Mass. 98; *Matter of Tyle,* 41 Misc. Rep. 596; *Matter of Bergen,* 56 Misc. Rep. 92; *Page* v. *Young,* L. R. 19 Eq. Cas. 501.)

CRANE, J. James T. Miller died at Rochester, New York, August 19th, 1913, leaving a last will and testament wherein he bequeathed 2,024 shares of the capital stock of the Kee Lox Manufacturing Company of Rochester, in various amounts, to thirteen relatives and seven employees of the company.

The following may be taken as the form of each such bequest, the amounts, however, differing in some cases:

"I give and bequeath to my sister, Louisa J. Reynolds, Five Thousand (5,000) Dollars; also two hundred (200) shares of stock of the Kee Lox Manufacturing Company; to my sister, Effie C. Moore, Five Thousand (5,000) Dollars, also two hundred (200) shares of stock of the Kee Lox Manufacturing Company; * * * I give and bequeath to my friend, Clara M. Meyer, one hundred (100) shares of stock of the Kee Lox Manufacturing Company."

The legatees included seven sisters, one niece, three brothers-in-law, one sister-in-law, one nephew; and seven employees of the Kee Lox Manufacturing Company.

The Security Trust Company of Rochester was appointed executor of this will, and, upon the judicial settlement of its accounts, has insisted that these are general and not specific bequests. Within the year after the granting of

letters testamentary the dividends payable upon this stock amounted to $68,575, which, if the legacies be general, pass under the residuary clause of the will, but if specific, follow the stock into the hands of the specific legatees.

The question presented, therefore, is whether the bequests of the Kee Lox Manufacturing Company stock are general or specific.

The surrogate and the Appellate Division have determined that they are specific, in which conclusion we concur.

James T. Miller, the testator, was one of the original incorporators of the Kee Lox Manufacturing Company, which was organized to manufacture carbon papers, typewriter ribbons, ink, and articles of like nature. The other incorporators were W. B. Pembroke and Charles J. Pembroke. The business prospered so that in 1905 the capital stock was increased from $10,000 to $500,000, at which time James T. Miller became the owner of 2,500 shares, and the Pembrokes of 1,250 shares each. This business was apparently the source of the testator's wealth. When James T. Miller made his will, on October 6, 1911, he owned 2,024 shares of the Kee Lox Manufacturing Company; W. P. Pembroke, 1,116 shares, and Charles J. Pembroke, 1,010; so that these three incorporators of the company at that time held between them 4,150 shares out of the 5,000 shares of capital stock. The testator was secretary and treasurer and a director of the company from the time of its formation to the time of his death, and also acted as general manager.

The Kee Lox Manufacturing Company was, therefore, Miller's creation, prospering under his management, so that the stock, closely held by the original incorporators, and not for purchase upon the market, became very valuable and was the source of a large income. Contemplating his death, the testator divided this stock, as above stated, among his relatives and seven faithful employees of the company, and, by other portions of his

will, clearly indicated his intention to give them only the shares which he had, or the specific stock which he owned, and not general legacies equal to the value thereof.

As stated, the amount of shares owned by the testator at the date of his will was 2,024, which equals the total number of shares bequeathed. By the tenth clause of his will he directed his executor to pay all taxes on these legacies and all probate expenses out of the remainder of his estate "to the end that the beneficiaries may receive their legacies without any deduction." The shares of stock, with the exception of 150 shares which were held by the Security Trust Company as collateral to a loan, were in a safe deposit box at the Security Trust Company, and the testator directed by the thirteenth clause of the will that his executor take possession of this box and notify the beneficiaries of the stock of the time when the box would be opened, which was to be done in the presence of at least three of them. The fourteenth clause of the will reads as follows:

" For the purpose of paying my debts there shall be used and applied, first, any cash in banks or trust companies and the proceeds of my life insurance. If that is not sufficient then any stocks or bonds which I may hold in corporations other than the Kee Lox Manufacturing Company and Crown Ribbon & Carbon Manufacturing Company of Rochester, N. Y., shall be sold and the proceeds applied upon said debts."

The Crown Ribbon and Carbon Manufacturing Company stock, thus classified with the Kee Lox Manufacturing Company stock, was bequeathed by another clause in the will in the following language:

"* * * Also all *my* stock and interest in the Crown Ribbon & Carbon Manufacturing Company of Rochester, N. Y."

From this will we gather that James T. Miller, the organizer and incorporator of a successful business corporation, owning nearly one-half of its stock, bequeathed

the total amount of his holdings to his relatives and employees, directing that the executor pay all expenses out of other portions of his estate; that the executor open his deposit box in which he kept the stock in the presence of three of the beneficiaries thereof, and that his debts be paid out of the proceeds of the stocks and bonds which he "may hold in corporations other than the Kee Lox Manufacturing Company." Here clearly is an intention to give to the legatees named the specific stock which the testator held in the Kee Lox Manufacturing Company at the date of his will and at the time of his death.

It is the intention of a testator, as gathered from his entire will, which determines whether a legacy be general or specific. (*Walton* v. *Walton*, 7 Johns. Ch. 258; *Tifft* v. *Porter*, 8 N. Y. 516; *Davis* v. *Crandall*, 101 N. Y. 311; *Metcalf* v. *Framingham Parish*, 128 Mass. 370; *Trustees of Unitarian Society in Harvard* v. *Tufts*, 151 Mass. 76; *Thayer* v. *Paulding*, 200 Mass. 98; *Ferreck's Estate*, 241 Penn. St. 340; *New Albany Trust Co.* v. *Powell*, 29 Ind. App. 494; *Matter of Largue*, 267 Mo. 104; *Cramer* v. *Cramer*, 35 Misc. Rep. 17.)

*Tifft* v. *Porter* (*supra*), so much relied upon by the appellant, goes no further than to hold that a gift of stock is a general legacy when there is nothing in the will to indicate that it is a gift of the testator's stock. Thus it is stated in the opinion: "In those cases in which legacies of stocks or shares in public funds have been held to be specific, some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred. Where, for instance, the testator has used such language as, 'my shares,' or any other *equivalent* designation, it has been held sufficient. But the mere possession by the testator at the date of his will of stock of equal or larger amount than the legacy, will not of itself make the bequest specific." (p. 518.)

The counsel in the present case concede, and the con-

cession is supported by all the authorities, that if the word " my " had been used before the word " stock " so that the bequest which James T. Miller made had read, " I give to my sister, Louisa J. Reynolds, two hundred (200) shares of *my* stock of the Kee Lox Manufacturing Company," the bequest would have been specific. The law is not so unscientific as to insist upon the use of the word " my " when other words may clearly indicate the intention of the testator to give shares then in his ownership.

The rule is well stated, with an abundance of authority to sustain it, in the case of *Matter of Estate of Largue* (267 Mo. 104, 114): " Many of the courts of last resort of this country have broken away from the arbitrary and iron-clad English rule aforesaid, and construe legacies as specific, when bank stock or other stock is disposed of, without the use of ' my ' or similar expressions, where the will upon its face, fairly discloses the intention of the testator to make a specific bequest."

And the New York authorities are not opposed to this rule, which seems so well founded in sense. Judge EARL, in *Davis* v. *Crandall* (101 N. Y. 311, 319), said: " Whether a legacy shall be considered specific depends upon the intention of the testator or testatrix, to be derived from the language used in the bequest, construed in the light thrown upon it by all the other provisions of the will." And such was the law applied by Judge HOUGHTON in *Cramer* v. *Cramer* (35 Misc. Rep. 17).

Bequests quite similar to those in the will here being construed were held to be specific in *Ferreck's Estate* (241 Penn. St. 340), where the court said: " While the rule is that a legacy is presumed to be general rather than specific, and that the mere fact that the testator in his gifts of stock gives exactly the amount of stock he has in hand is not sufficient to overcome this presumption; yet, after all, these presumptions must give way to the intent of the testator, if it can be gathered from his will

that his thought was to make specific gifts of the stock which he owned; and this intent is not to be gathered alone from the item in which the gifts are made, but gathered from the four corners of his will.  *  *  *  After all, however, as has been said, it is the intent of the testator that has to be found, and in seeking it we are not confined to any particular word or phrase, nor to any particular part of the will, and the fact that the testator had the number of shares so given, though not controlling, is significant."

In *Thayer* v. *Paulding* (200 Mass. 98) it was said: " A very slight indication of an intention to give shares then in his ownership is enough to make the legacy specific in a case like this."

The Massachusetts Supreme Court in *Trustees of the Unitarian Society in Harvard* v. *Tufts* (151 Mass. 76)· found nothing in *Tifft* v. *Porter* (*supra*) inconsistent with the holding that a legacy of ten shares of the stock of the Worcester and Nashua Railroad Company ·was a specific legacy because the eighth clause of the will gave, " The balance of my stock as per my stock book, my furniture, and all other property not otherwise disposed of by me." " This language," said Judge HOLMES, " taken with the facts, makes it pretty plain that the stock disposed of by the testatrix in the fourth clause was stock then belonging to her."

There is nothing in *Brundage* v. *Brundage* (60 N. Y. 544) expressing a different view than that here stated.

As the number of shares bequeathed by James T. Miller, the deceased, was the same number which he owned at the time of making his will, what, it has been asked, would have happened in case he had owned at his death a less number. In *Drake, Adm'r,* v. *True* (72 N. H. 322) such a situation was met by dividing the stock left by the testatrix proportionately among the legatees.

These reasons supported by the above authorities lead to an affirmance of the order of the Appellate Division.

The order appealed from should be affirmed, with costs to each respondent filing a brief and appearing on the argument, payable out of the estate.

CHASE, COLLIN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.