JOHN HOEVE, Respondent, v. GEORGE F. DRISCOLL COMPANY, Defendant, and LOGAN CO., INC., Appellant.—Action for personal injuries as a consequence of plaintiff's falling through a chute or opening in a floor in a building under construction. Order requiring defendant Logan Co., Inc., to be examined by its president, Logan, its superintendent, Duval, and its foreman, Brenvs, and order denying motion to vacate said order affirmed, with ten dollars costs and disbursements; the examination to proceed on ten days' notice. The plaintiff has already indicated a willingness to be considerate in examining the defendant, appellant. No doubt, if the appellant produces Brenvs and Duval for examination it will not be necessary to examine Logan. He should be examined only in the event it appears that the examination of Brenvs and Duval is futile. As a matter of strict practice it may be that Duval is not subject to examination as an employee of the appellant, but his production may make unnecessary the president of Logan Co., Inc., appearing. In any event, Duval could be examined as a witness by reason of the special circumstances present in the situation herein. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

INSUL CHEMICAL CO., INC., Respondent, v. MICHEL SCHASSEUR, Appellant.— Order affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order herein. Defendant appeals from an order denying a motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. We construe this contract as a grant to defendant of the exclusive sales agency for plaintiff's product within the territory named. Under the contract defendant agreed to order and receive and pay for, and plaintiff agreed to deliver to defendant, an amount of goods specified in the contract, within the times therein stated. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

In the Matter of the Estate of WALTER HERBERT FILOR, Deceased. (Claim of FANNIE A. FILOR.) MABEL THOMPSON FILOR and Another, as Executors, etc., of WALTER HERBERT FILOR, Deceased, and Others, Appellants. FANNIE A. FILOR, Respondent.— Decree of the Surrogate's Court of Rockland county reversed on the law, with costs payable out of the estate, and the petition dismissed, without costs. The bequest in the second paragraph of the will was a specific legacy and not a demonstrative legacy. (Crawford v. McCarthy, 159 N. Y. 514; Leonard v. Harney, 173 id. 352; Matter of Tailer, 147 App. Div. 741; affd., on opinion below, 205 N. Y. 599; Platt v. Moore, 1 Dem. 191; Gardner v. Printup, 2 Barb. 83.) The decedent having made a change of beneficiary which precluded the estate from receiving the money in the event the new beneficiary survived the testator, and having done this by a formal deliberate act prior to his death, the specific legacy was adeemed. (Davids New York Law of Wills, § 1110; Humphrey v. Robinson, 52 Hun, 200, 203; Langdon v. Astor's Executors, 16 N. Y. 9, 57; Powys v. Mansfield, 3 Myl. & C. 359, 376.) The case of Tifft v. Porter (8 N. Y. 516) is not to the contrary, and the authority of that case is seriously impaired, if not destroyed, by Matter of Security Trust Co. (221 N. Y. 213, 220). Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur. [154 Misc. 596.]