Van Voorhis, J.
Decedent resided with appellant, Victor Ingersoll, who was a friend of over twenty-years standing. They owned jointly an automobile and certain other articles. The will stated in this regard: “T do give and bequeath unto him [Ingersoll] all of my right, title and interest in such articles, my intention being that he shall own absolutely all property in which we may he jointly interested at the time of my decease. I do further give and bequeath unto my said friend Victor Ingersoll One Thousand Dollars ($1,000.) and Two Hundred (200) shares of the capital stock of Sears, Roebuck & Company.’*
*596 Decedent had worked for Sears, Roebuck & Company since 1917 and owned, when his will was made in 1933, 58 shares of its stock, and had a beneficial interest in 322.846 additional shares held in the name of the trustee of the Savings and. Profit Sharing Pension Fund of Sears, Roebuck & Company. This beneficial interest was obtained by contributions from his wages as an employee over many years.
On the judicial settlement, the executor has asked for a construction of the will to determine whether the 200 shares of said stock given to Victor Ingersoll is a specific'or a general legacy. The cause of the controversy is that on October 1, 1945, two days before testator’s death, a resolution was adopted at a meeting of stockholders of Sears, Roebuck & Company approving a proposal recommended by the board of directors to issue three additional shares to each holder of a single share on October 1, 1945. In order to make this 4 for 1 split, it was, necessary to increase the authorized capital stock of the corporation from 6,000 to 24,000 shares. This increase was approved by the stockholders at the same meeting.
No stock purchase warrants, stock dividends, nor other changes in the corporate equity owned by the stockholders appear to have been made or issued after the execution of the will and prior to October 1, 1945.
Following the death of decedent, the appellant, Victor Ingersoll, demanded of the executor 800 shares of stock of Sears, Roebuck & Company, representing the same proportionate equity in the corporation as 200 shares at the time when the will was made. The executor takes the position that Ingersoll’s legacy has been diluted to one quarter, of what it would have been if testator had died at any time from the execution of the will on May 18, 1933, until October 1, 1945, and that he is only entitled to 200 shares after the distribution of the new stock had taken place.
It does not appear that testator ever learned that the stockholders had voted in favor of increasing the authorized capitalization and of making distribution of the additional shares. Sears, Roebuck & Company shares were quoted on the New York Stock Exchange on the old basis until October 23, 1945, which was twenty days after testator died. The record does not show that the increase in the authorized capitalization, which was approved at the stockholders meeting on October 1, 1945, and which was necessary to the accomplishment of the plan, actually became effectual prior to testator’s death by the filing of a certificate amending the certificate of incorporation in the *597 proper State office. An amending certificate must have been filed prior to October 22, 1945, when the stockholders were notified that the split had taken place, but there is nothing to show how long prior to October 22d the amending certificate ivas filed. Although the new stock ivas to be issued to stockholders of record as of October 1,1945, the evidence thus fails to establish that prior to decedent’s death all of the necessary proceedings had been taken to render effectual the increase in stock as of October 1,1945, or any other date. Even if the legacy were general, the will would speak as of the date of death, and there is thus no evidence that this split-up had actually taken place at the time of testator’s death.
We think, however, that in any event the gift of these shares of stock was specific. In the construction of wills, the cardinal rule is to carry out the intention of the testator as derived from the will (Matter of Hayes, 263 N. Y. 219; Matter of Security Trust Co., 221 N. Y. 213, 219). A very slight indication of an intention to give shares in testator’s ownership at the time of the making of a will is sufficient to make the legacy specific (Matter of Security Trust Co., supra; Matter of Davis, 184 Misc. 952). The gift of this stock to Victor Ingersoll along with decedent’s own half interest in various specific items of personal property, is enough to indicate that the testator was thinking of shares Avhich he then owned, that Avould need to be taken from the Profit Sharing Fund, which he had purchased so laboriously by contributions from his earnings over a long period of time. It is not necessary that the word “ my ” stock be used in order to make the legacy specific (Matter of Security Trust Co., supra, p. 220). The case of Tifft v. Porter (8 N. Y. 516) Avas cited as the leading authority by the Surrogate. Hoavever, in Matter of Filor (244 App. Div. 808, affd. Avithout opinion 268 N. Y. 678), the Appellate Division, Second Department, stated that “ The case of Tifft v. Porter (8 N. Y. 516) is not to the contrary, and the authority of that case is seriously impaired, if not destroyed, by Matter of Security Trust Co. (221 N. Y. 213, 220).”
The decree of the Surrogate, so far as appealed from, should be modified so as to construe the Avail of Harry H. Hicks, deceased, as requiring a delivery to appellant of 800 of the present shares of Sears, Roebuck & Company stock, with an appropriate adjustment of dividends and proportionate share of the State and Federal estate taxes based on the gift of 200 of the former shares as a specific legacy, and, as so modified, affirmed, with costs to the appellant payable out of the estate.
*598 Peck, P. J., Dore and Shientag, JJ., concur; Glennon, J., dissents and votes to affirm.
Decree, so far as appealed from, modified so as to construe the will of Harry H. Hicks, deceased, as requiring a delivery to appellant of 800 of the present shares of Sears, Roebuck & Company stock, with an appropriate adjustment of dividends and proportionate share of the State and Federal estate taxes based on the gift of 200 of the former shares as a specific legacy, and, as so modified, affirmed, with costs to the appellant payable out of the estate. Settle order on notice.