Dye, J. (dissenting).
As I read this record, the evidence is insufficient to indicate that, when John B. Howe made a will giving to Elizabeth Grauwiller, his secretary, along with some other personalty “ (500) shares of the common stock ($10.00) par value per share of Eastman Kodak Company of New Jersey ”, he intended that such bequest should be treated as a gift of specific stock so as to entitle the named legatee to receive in addition to the 500 shares bequeathed the shares of stock issued by the Kodak Company subsequent to August 23, 1950, the date the will was executed. A codicil executed March 5, 1954 confirmed the 1950 will in all respects without change, except to add the name of Miss Grauwiller as a co-executrix. During all of the times here involved, the par value of Kodak stock remained at $10 per share.
*872 There is nothing in the wording as used by the testator from which an inference may be drawn that he intended a specific gift of the Kodak shares. The bequest is couched in general language which must be read in accordance with common usage. We have long recognized that a testamentary gift of stock in general terms without qualification is to be treated as a general legacy (Tifft v. Porter, 8 N. Y. 516). Where, however, there are words of qualification from which a testator’s intention may be derived, as in Matter of Griffing (11 A D 2d 709, affd. 9 N Y 2d 919) where the will demonstrated that the testator contemplated the possibility of ademption of the bequest of stock and provided a substitute gift in that event, since only specific bequests adeem, general bequests abate, we held that a specific indication of an intent to create a specific bequest was sought. (See, also, Matter of Brann, 219 N. Y. 263; Matter of Security Trust Co., 221 N. Y. 213.)
Reading the bequest in context suggests no other result. By paragraph Second the testator, then over 80 years of age, in addition to the Kodak shares, gave Miss Grauwiller $15,000 in cash and his personal effects, some of which items he designated but which he qualified by requesting that the legatee ‘ ‘ bear in mind my memorandum which I may leave concerning the above personal effects ”. This is a matter of significant importance, since no such reference was made to the Kodak shares.
Finally, the direction that taxes be paid out of the residuary points to the conclusion that the testator did not intend to give any particular Kodak shares as of the date of execution of the will, but merely directed how the estate and inheritance taxes were to be paid.
Likewise, there is nothing in the surrounding circumstances from which an inference can be drawn indicating that the testator intended to make the gift of Kodak stock specific. Under the stipulation of facts, I note that the earliest testamentary gift to the legatee was contained in a codicil dated February 4, 1944 to a will executed in July of 1941. By that codicil, he gave to the legatee herein “ (one hundred) shares of the common stock of Eastman Kodak Company of Rochester, N. Y.”.
In 1947, three weeks after a 5 for 1 Kodak split, Howe executed a new will in which he bequeathed Miss Grauwiller ‘ ‘ (300) shares of the common stock, ten dollar ($10.00) par value per share, of Eastman Kodak Company of New Jersey”. At this time he *873 also transferred inter vivos 300 shares of Kodak Company to Miss G-rauwiller. Again, in 1949, after a stock dividend, he made another will using language identical in form, wording and content with paragraph Second of the probated will increasing the Grauwiller cash legacy to $12,000 and the stock bequest to 370 shares.
When this will was executed in August of 1950, the inter vivos gifts of stock to his secretary, Miss Grauwiller, totaled 939 shares and the new will provided for an increased bequest of 500 shares. Between the dates of this will and the codicil in 1954, a period in which Kodak made three substantial stock distributions, five additional gifts inter vivos of Kodak stock were made to this legatee, amounting to some 1,813 shares, which brought the total of lifetime gifts to 2,752 shares. Certainly, none of that justifies the inference that a specific bequest was intended but, rather, forcefully points to the conclusion that the testator was entirely satisfied with the 500-share legacy provided in the will and chose to adjust any difference by gifts inter vivos. An affirmance here is tantamount to holding that any testamentary gift in general language of shares of stock will be deemed specific.
The order appealed from should be modified accordingly, with costs payable out of the estate.
Order affirmed.