In the Matter of the Estate of WALTER HERBERT FILOR, Deceased.

Surrogate's Court, Rockland County, November 8, 1934.

*John J. Meara*, for the legatee.

*Goodale, Hanson & Hooker*, for the respondents.

SHERWOOD, S. The question to be determined in this matter is whether an alleged legacy in favor of the mother of the decedent can now be enforced upon the facts as shown by the petition of the mother to enforce such legacy and by the papers submitted.

The decedent, Walter Herbert Filor, made his will on November 25, 1929, and a codicil thereto on January 24, 1931. By the second paragraph of his will he made a provision for his mother and, in case she predeceased him, for his brothers and sisters in the following language:

"*Second.* I give and bequeath the proceeds of my life insurance policy of Twenty-Five Thousand ($25,000) Dollars in the Union Central Life Insurance Company to my Mother Fannie A. Filor, if living at the time of my death, and if not to such of my brothers and sisters, John Ernest Filor, Henry Kenneth Filor, Anna Garner Allison and Fannie Louise Lewis as may be living and to the descendants *per stirpes* of such as may be dead."

By the first and third to fourteenth paragraphs of his will the testator gave the residue of his property to and for the benefit of his wife and children, subject to an annuity to the mother of $1,000, payable from the income of a trust set up in the will, and gave directions with respect to the administration of his estate, and by the eleventh paragraph of his will he provided as follows:

" *Eleventh.* The provisions of this will in favor of my wife are intended to be in lieu of dower and all other provisions for the widow made by the laws of this State or any other state where any of my estate, real or personal may be situated."

It appears that there were two policies instead of one, but the aggregate face value was the sum of $25,000. By their original terms they were payable to the executors or assigns of the insured with the right on the part of the insured to change the beneficiary.

On January 16, 1930, subsequent to the making of his will, the testator changed the beneficiary in said policies of insurance and made them payable to his wife, Mabel Thompson Filor.

On January 24, 1931, the testator made a codicil to his will, whereby he ratified and confirmed his will in the following language:

" *First.* I hereby ratify and confirm said Will in every respect, save so far as any part of it is inconsistent with this codicil."

By the second, third, fourth and fifth paragraphs he gave a legacy of $5,000 to each of his four brothers and sisters; said bequests are followed by the sixth paragraph which referred to the foregoing bequests. It reads as follows:

" *Sixth.* The foregoing bequests are additional to any bequests made in my said last Will and Testament to my said brothers and sisters."

The insurance policies referred to in the second paragraph of the will were in force at the time of the decedent's death, and the proceeds were paid to the widow.

The executors of and trustees under the will of the decedent, of which the wife is one, contend that the legacy to the mother was specific; that it was adeemed by the change of the beneficiary in the insurance policies from the estate of the decedent to the wife, and that the subsequent codicil did not revive the legacy, and that the mother is entitled to nothing under the second paragraph of the will.

The authorities cited in behalf of this contention tend strongly to sustain the position of the executors, and if there were no codicil I should feel constrained to hold that under the authorities cited the legacy to the mother is a specific legacy and that it was adeemed by the change of the beneficiary and that the mother takes nothing.

However, the intention of the testator is to be found from a consideration not only of the will but of the codicil.

The principle of construction set forth in *Tifft* v. *Porter* (8 N. Y. 516) is applicable here. The court said (at p. 521): " The inclination of the courts to hold legacies to be general, rather than specific, and on which the rule is based that to make a legacy specific, its terms must clearly require such a construction, rests upon solid grounds. The presumption is stronger that a testator intends some benefit to a legatee, than that he intends a benefit only upon the collateral condition that he shall remain till death, owner of the property bequeathed. The motives which ordinarily determine men in selecting legatees, are their feelings of regard, and the presumption of course is that their feelings continue and they are looked upon as likely to continue. An intention of benefit being once expressed, to make its taking effect turn upon the contingency of the condition of the testator's property being unchanged, instead of upon the continuance of the same feelings which in the first instance prompted the selection of the legatee, requires, as it ought, clear language to convey that intention. The rule as settled, accords best with the dictates of experience as to the probable purposes which actuate men in disposing of their property by will."

It is stated that the testator, Filor, left a net estate of approximately $500,000. The provisions in favor of the mother contained in the will were modest in comparison with the size of the estate and it was natural and normal that he should wish to make some provision for her and for his brothers and sisters.

In terms he gave the proceeds of his policy (policies) of life insurance and named the amount thereof, $25,000, and provided that if she died before he did the legacy should go to his brothers and sisters.

When he made his codicil the policies were payable to the wife, but he did not revoke the legacy to his mother and/or to his brothers and sisters in case the mother should predecease him, but in terms affirmed the provisions of his will except as modified by the codicil.

By his codicil he gave a legacy of $5,000 to each of his brothers and sisters and provided that they should be " additional to any bequests made in my last will and testament to my said brothers and sisters."

No provision was made for them in the will except the one contained in the second paragraph of the will whereby they were to take the proceeds of the insurance policies in case his mother should predecease him.

It appears from the seventh paragraph of the codicil that the testator was aware of the fact that his mother had made a will,

to which he refers by date, whereby he was to receive a share of his mother's estate in case she died before he did. He gives his share to his brothers and sisters. This shows a continuance of the intention shown in the will and in the bequests in the codicil direct to the brothers and sisters that his family other than his wife and children should benefit by his testamentary disposition of his estate.

It is to be observed that the policies of life insurance were still in force at the time he made the codicil and at his death and there were proceeds of the policies in excess of the amount of $25,000, the amount specified in the second paragraph of the will.

The testator left a very considerable estate; the provisions for his mother and brothers and sisters were modest when compared with the size of his estate; the mother and brothers and sisters were the natural objects of his bounty.

It is altogether likely that the testator intended the provision for his mother, and in case of her death prior to his death for his brothers and sisters, to stand when he made the codicil, and if he thought at all about the prior change in the policies of life insurance, he did not comprehend that it would make any difference in his provision for his mother and, in case of her death, for his brothers and sisters.

The language of the codicil indicates this, and the language used can be resorted to in arriving at his intent in the provision for his mother contained in the second paragraph of the will. If he had intended that his mother should take nothing under that paragraph, the natural thing would have been to revoke the second paragraph by the codicil. It would be a mere mockery to give a substantial legacy in the will and affirm it by his codicil, if he intended that his mother should take nothing.

I am of the opinion that the testator intended that his mother should have $25,000 from his estate, and I hold that she is entitled to receive that amount, with interest from the time it would be properly payable.

Submit decree on notice.